IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID L. SCOTT, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | No. 3:20-cv-03110-L (BT) | |
| § | | |
| DONALD TRUMP, et al., § | | |
|     Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff David L. Scott brings this *pro se* civil action against President Donald Trump seeking monetary damages. *See* Am. Compl. (ECF No. 5). The Court granted Scott leave to proceed *in forma pauperis*, but withheld issuance of process pending judicial screening. Ord. (ECF No. 7). For the reasons stated, the Court should dismiss Scott's amended complaint under 28 U.S.C. § 1915(e)(2)(B).

**Background**

Scott filed this lawsuit against President Donald Trump and the White House Staff. Compl. 1. On November 17, 2020, the Court received Scott's amended complaint, which named only President Donald Trump as a defendant. Am. Compl. 1. In his live pleading, Scott alleges that President Trump withheld unspecified information about COVID-19 and downplayed other information he had about the virus. *Id*. Scott further alleges that he has an unspecified "medical condition" that has been "escalade[d]" by President Trump's "playing down" the information he had about the virus. *Id*. Scott claims that the people of the United

1

States should have been informed when President Trump received this information and that people died unnecessarily because they were not informed. *Id.* Based on this conduct, Scott seeks compensation for himself and 200,000 families that were affected by the virus. *Id.* 2.

## Legal Standards and Analysis

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Scott's claims against President Trump for acts he performed as President of the United States must be dismissed. The President of the United States is absolutely immune from suit for civil damages that are "predicated on his official acts." *Nixon v. Fitzgerald*, 457 U.S. 731, 749-50 (1982) ("The President's unique status under the Constitution distinguishes him from other executive officials."). President Trump is absolutely immune from suit for civil damages arising from his

2

official acts. Moreover, to the extent Scott is attempting to recover for the injuries allegedly suffered by others, he lacks the requisite standing. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975); *O'Hair v. White*, 675 F.2d 680, 687 (5th Cir. 1982). Scott's claims must therefore be dismissed.

## Conclusion

The Court should DISMISS Scott's amended complaint under 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED**.

November 19, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).