IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID L. SCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:20-cv-3110-L** |
| | § | |
| DONALD TRUMP and WHITE HOUSE STAFF, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On November 19, 2020, United States Magistrate Judge Rebecca Rutherford entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 8), recommending that the court dismiss this action filed by pro se Plaintiff David L. Scott's ("Plaintiff")* pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Specifically, she determined that Plaintiff's claims related to acts performed by President Trump in his official capacity as president, which must be dismissed, as such claims are barred by absolute immunity. Additionally, she determined that to the extent Plaintiff seeks to recover for injuries sustained by others, he lacks standing to do so. No objections to the Report were filed.

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the Magistrate Judge are correct and **accepts** them as those of the court. As Plaintiff is unable to overcome President Trump's absolute immunity in this action and lacks standing with respect to his other claims, the court determines that allowing him another opportunity to amend would be futile and would unnecessarily delay the resolution of this action.

---

* Magistrate Judge Rutherford granted Plaintiff leave to proceed *in forma pauperis* on November 18, 2020. Doc. 7.

**Order – Page 1**

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).  Moreover, even if the court were to allow an amendment to Plaintiff's pleadings, the result would not change, as President Trump would still be immune. Accordingly, the court **dismisses with prejudice** this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this certification, the court **accepts and incorporates** by reference the Report.  *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997).  Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit.  *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 28th day of December, 2020.

Sam A. Lindsay
United States District Judge